IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| DIANE L. BRICE, | * | Chapter 7 |
|     Debtor | * | |
| | * | Case No.: 1-04-04886 |
| ROGER A. BRICE, | * | |
|     Plaintiff | * | |
| | * | |
| v. | * | Adv. No.: 1-04-00218A |
| | * | |
| DIANE L. BRICE, | * | |
|     Defendant | * | |

## OPINION

### Procedural History

Before the Court is the Complaint of Roger A. Brice ("Plaintiff"), the former spouse of Diane L. Brice ("Debtor"), to determine the dischargeability of Debtor's obligation under the parties' divorce agreement to pay Plaintiff $11,679.38 in monthly installments. Plaintiff avers that these payments are in the nature of alimony or support and, therefore, under 11 U.S.C. §523(a)(5), are not dischargeable. In the alternative, Plaintiff asserts that the debt is not dischargeable under 11 U.S.C. §523(a)(15) because the payments are distributions of property, which if discharged would cause greater harm to him than would benefit the Debtor. A hearing was held on this matter on February 17, 2005. Briefs have been filed, and the matter is ready for decision.[1]

---

[1] I have jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(L). This Opinion and Order constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 7052, which is applicable to contested matters pursuant to FRBP 9014.

**Factual Findings**

The parties were divorced by a decree dated June 18, 2004. Equitable distribution claims were resolved by mutual agreement and entered orally on the hearing record of the divorce master. Under the agreement, Plaintiff retained the marital residence and a retirement account worth $13,356.00. Debtor received no substantial assets of any kind. The marital debt consisted of several unsecured loans and credit card debts totaling approximately $27,773.50. Plaintiff assumed responsibility to hold these debts in his name alone, but Debtor agreed to pay Plaintiff her share of the debt, which amounted to $11,679.38. Debtor further agreed to make monthly payments to Plaintiff of not less than $120.00 per month. Debtor failed to make any payments to Plaintiff in accordance with the agreement.

Debtor has been employed as a certified nursing assistant at Holy Spirit Hospital, Camp Hill, Pennsylvania, for approximately two years. Debtor's base salary is approximately $25,000 per year. Her monthly income and expenses are approximately $1720 and $2180, respectively. Debtor has two dependent children, ages twelve and fourteen. Her $1720 in monthly income includes $520 per month that she receives in child support from Plaintiff. At the time of the divorce her base monthly pay was augmented by overtime pay, the amount of which could be readily determined. As of the date of the hearing, however, certified nursing assistants at Holy Spirit Hospital no longer were permitted to work overtime. Currently, Debtor compensates for the monthly budget deficit by "cutting corners" by whatever means are available to her in a given month. Plaintiff is remarried. He earns about $40,000 per year, and his new wife earns about $35,000 per year. Debtor has not remarried.

## Discussion

In pertinent part, 11 U.S.C. §523(a) provides as follows:

> (a) A discharge under section 727 ... does not discharge an individual debtor from any debt -
> (5)  to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that–
>
>> (B)  such debt includes a liability designated as alimony, maintenance, or support, unless such debt is actually in the nature of alimony, maintenance, or support.
>
> (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless –
>
>> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor . . . ; or
>>
>> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

11 U.S.C. §523(a)(5), (15).

Plaintiff bears the burden of establishing nondischargeability under any part of Section 523 by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279 (1991). The Supreme Court has long held that exceptions to discharge are to be interpreted narrowly in favor of the debtor. *Gleason v. Thaw,* 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915). While there is "a tension" between the presumption of dischargeability and the purpose of excepting from discharge funds for support of children or a former spouse, "the Court must remember to

3

interpret exceptions to discharge, including this one, narrowly." *County of Oakland v. Fralick,* 215 B.R. 132, 134 (W.D. Mich.1997) (citing *In re Chang,* 210 B.R. 578, 581 (9th Cir. 1997)).

Determining whether an obligation is in the nature of support under section 523(a)(5) is a matter of federal, not state law. *In re Gianakas*, 917 F.2d 759, 762 (3d Cir. 1990). An obligation may qualify as alimony under federal law, irrespective of its characterization under state law. *Id.* Courts must look "beyond the label attached to an obligation by a settlement agreement to examine its true nature." *Id.*; *In re Pollack*, 150 B.R. 584 (Bankr. M.D. Pa. 1992); *Buccino v. Buccino*, 580 A.2d 13 (Pa. Superior Ct. 1990).

Whether an obligation is in the nature of alimony, maintenance or support, as distinguished from a property settlement, depends on the intent of the parties at the time of the settlement agreement. *In re Gianakas*, 719 F.2d at 762; *In re Pollack*, 150 B.R. at 591. To determine the parties' intent, the Third Circuit Court has identified three indicators to be examined by the trial court: (1) "the language and substance of the agreement in the context of surrounding circumstances, using extrinsic evidence if necessary;" (2) "the parties' financial circumstances at the time of the settlement;" and (3) "the function served by the obligation at the time of the divorce or settlement." *In re Gianakas*, 917 F.2d at 762. This inquiry is limited to the parties' intent at the time of the Agreement, not the parties' subsequent intent or understanding of the Agreement. *Id.* ("inquiries into present need would put federal courts in the position of modifying matrimonial decrees of state courts").

4

### *Indicator One - Language and substance of the agreement*

The language of the agreement in this case is sparse as entered orally on the record in the divorce proceeding. The language is not elaborate because it appears that the parties' intentions were fairly simple – Plaintiff was to receive the house and his pension fund, and Debtor was to pay her share of the marital debt. These payments were not labeled "alimony" or "support." Rather than simply dividing the total unsecured marital debt equally, Debtor was assigned a specific amount. Use of this methodology suggests that the parties intended for each spouse to be responsible for the debt each incurred. These facts support a finding that the payments were part of a property settlement and not intended to be alimony or support.

### *Indicator Two - the parties financial circumstances at the time of the settlement*

"The fact that one spouse had custody of minor children, was not employed, or was employed in a less remunerative position than the other spouse are aspects of the parties' financial circumstances at the time the obligation was fixed which shed light on the inquiry into the nature of the obligation of support." *Gianakas*, 917 F.2d at 763 (citing *Shaver v. Shaver*, 736 F.2d 1314, 1317 (9th Cir. 1984)). In the instant case, Plaintiff presented little evidence on the issue of the relative earnings of the parties at the time of the decree. The only evidence in the record regarding the parties' earnings related to their current income. While this might provide some circumstantial evidence of their prior earnings, it would be speculative for the Court to make any findings under Indicator Two based on that evidence alone. Similarly, while it would seem that the current custody situation reflects the situation as it existed at the time of the decree, it would be speculative for the Court to find it as fact. Without any information in the record

regarding the relative financial circumstances of the parties at the time of the decree, I conclude that Plaintiff has failed to meet his burden of proof regarding Indicator Two.

### *Indicator Three - the function served by the obligation at the time of the divorce or settlement*

"To the extent that the obligation serves the financial purpose behind alimony (or support or maintenance), it is nondischargeable. To the extent the debt is to divide property irrespective of financial need, it is dischargeable." *Buccino*, 580 A.2d at 19 (citing *In re Jenkins*, 94 B.R. 355 (Bankr. E.D. Pa. 1988)). "An obligation that serves to maintain daily necessities such as food, housing and transportation is indicative of a debt intended to be in the nature of support." *Buccino,* 580 A.2d at 19. "Property division is based on each parties' right to a fair share of the property accumulated during the marriage." *Id.* at 21. The debt in the instant case was created by a division of marital debt. There is no evidence that the obligation was formulated based upon Plaintiff's need for assistance in providing necessities for himself.

The above-analysis clearly shows that the funds at issue were not intended to be alimony or support. Therefore, Plaintiff's case under Section 523(a)(5) must fail. It is for similar reasons that Plaintiff's case under Section 523(a)(15) must also fail. Clearly, given their relative financial positions, discharging the instant debt will be of greater benefit to Debtor than it will be harmful to Plaintiff. If the debt is discharged, Debtor will be relieved of the burden of an obligation than impairs her ability to commence a fresh start, while Plaintiff will simply be required to bear the loss of a small fraction of income for his double-income household.

6

Accordingly, I conclude the Plaintiff has failed to bear his burden of proof under Section 523, and that his Complaint must be dismissed. An appropriate order will be issued.

BY THE COURT,

_____
Bankruptcy Judge

Date: May 13, 2005

*This electronic opinion is signed and filed on the same date.*